Iowa Migrant Movement for Justice; Jane Doe; Elizabeth Roe

*Plaintiffs - Appellees*

v.

Brenna Bird, in her official capacity as Attorney General of Iowa

*Defendant - Appellant*

Kimberly Graham; Zach Herrmann

*Defendants*

------------------------------

Immigration Reform Law Institute

*Amicus on Behalf of Appellant(s)*

American Immigration Lawyers Association; ASISTA Immigration Assistance; Esperanza United; Tahirih Justice Center; Asian Pacific Institute on Gender-Based Violence

*Amici on Behalf of Appellee(s)*

_____

Appeal from United States District Court
for the Southern District of Iowa - Central

_____

Submitted: September 26, 2024
Filed: January 24, 2025

_____

Before BENTON, ARNOLD, and KOBES, Circuit Judges.

_____

# ORDER

The State of Iowa criminalized the presence within its boundaries of aliens who illegally reentered the United States. Aliens violating Iowa's Act are ordered to return to the country they reentered from. The Act forbids judges from abating a state prosecution due to a pending (or possible) federal determination of the alien's immigration status.

Iowa Migrant Movement for Justice and two aliens residing in Iowa who claimed to be harmed by the Act sued to enjoin enforcement of the Act. In a separate case, the United States sued to enjoin enforcement. The district court granted both motions for preliminary injunctions in a single opinion. The State of Iowa appeals.

In *United States v. Iowa*, ___ F.4th ___, No. 24-2265 (8th Cir. Jan. __, 2025), this court upheld the preliminary injunction of the Act. A case is moot when the requested judicial decree will no longer affect the rights of the parties. **North Carolina v. Rice**, 404 U.S. 244, 246 (1971). Regardless of the outcome of this appeal, Iowa is enjoined against enforcing the Act. This appeal is moot. *See* **Groshel v. Corley**, 107 F.3d 875, 1997 WL 78539, at *1 (8th Cir. 1997) (unpublished table decision).

This court dismisses Iowa's appeal, vacates the district court's grant of appellees' motion for a preliminary injunction, and remands to the district court with instructions to dismiss Case No. 4:24-cv-00161. *See* **Longley v. Holahan**, 34 F.3d 1366, 1367 (8th Cir. 1994), *following* **United States v. Munsingwear, Inc.**, 340 U.S. 36, 39-40 (1950) (describing "the duty of the appellate court," when a civil case has

become moot, to "reverse or vacate the judgment below and remand with a direction to dismiss").

_____

Order Entered at the Direction of the Court:
Acting Clerk, U.S. Court of Appeals, Eighth Circuit.
_____
      /s/ Maureen W. Gornik