No. 24-2263

_____

# In the United States Court of Appeals
# for the Eighth Circuit

_____

IOWA MIGRANT MOVEMENT FOR JUSTICE, *et al.*,
*Plaintiffs - Appellees*,

v.

BRENNA BIRD, in her official capacity as Attorney General of Iowa,
*Defendant – Appellant*,

KIMBERLY GRAHAM, in her official capacity as Polk County Attorney, and
ZACH HERRMANN, in his official capacity as Clayton County Attorney,
*Defendants*.

_____

On Appeal from the United States District Court for the Southern District of Iowa
Case No. 4:24-cv-00161-SHL-SBJ, Honorable Stephen H. Locher, District Judge

_____

## PETITION FOR PANEL REHEARING AND STAY OF MANDATE
_____

Rita Bettis Austen
Shefali Aurora
Thomas Story
ACLU of Iowa Foundation Inc.
505 Fifth Avenue, Ste. 808
Des Moines, IA 50309-2317
Phone: (515) 243-3988
Fax: (515) 243-8506
rita.bettis@aclu-ia.org
shefali.aurora@aclu-ia.org
thomas.story@aclu-ia.org

Emma Winger
Suchita Mathur
Michelle Lapointe
American Immigration Council
1331 G Street, NW, Suite 200
Washington, DC 20005
Phone: (202) 507-7512
ewinger@immcouncil.org
smathur@immcouncil.org
mlapointe@immcouncil.org

*Counsel for Plaintiffs – Appellees*
(Additional counsel listed on signature block)

## INTRODUCTION

Pursuant to Federal Rule of Appellate Procedure 40, Plaintiffs-Appellees seek panel rehearing of this Court's January 24, 2025 Order dismissing their appeal, vacating the district court's grant of a preliminary injunction, and remanding the case to the district court with instructions to dismiss the case as moot. *See* Jan. 24, 2025 Order at 2. In this case, Plaintiffs challenge Iowa's illegal reentry and removal statute, Senate File (S.F.) 2340, and seek an order "permanently enjoin[ing] Defendants from enforcing S.F. 2340." App. Vol. I. 25; R. Doc. 1. The Court found Plaintiffs' case to be moot because the Court affirmed a district court order preliminarily enjoining S.F. 2340 in a related case brought by the United States. *See United States v. Iowa*, 126 F.4th 1334 (8th Cir. 2025).

However, Plaintiffs' case is not moot because S.F. 2340 has only been *preliminarily* enjoined, and because the Court's January 24, 2025 opinion may be subject to rehearing or further review on certiorari. In addition, the United States has indicated that it is reconsidering its litigation position in light of a recent presidential proclamation. *See* United States's Jan. 23, 2025 FRAP 28(j) letter, Case No. 2265 (citing Presidential Proclamation, "Guaranteeing the States Protection Against Invasion," 2025 WL 244160 (Jan. 20, 2025)). Plaintiffs therefore ask that the Court modify its January 24th Order to remove the instructions to the district court to dismiss this case as moot. Plaintiffs further ask

2

the Court to stay the mandate in Plaintiffs' case until the mandate issues in the related case, No. 2265.

<u>ARGUMENT</u>

I.      PLAINTIFFS' CASE IS NOT MOOT.

"A case becomes moot when it becomes impossible for the court to grant any effectual relief." *Robinson v. Pfizer, Inc.*, 855 F.3d 893, 897 (8th Cir. 2017). This is a purposefully "demanding standard"; even if the chance of relief "may be uncertain or even unlikely for any number of reasons," the case is not moot unless relief is *impossible*. *Mission Prod. Holdings, Inc. v. Tempnology, LLC*, 587 U.S. 370, 377 (2019).

Plaintiffs' claimed relief in this case is not impossible. As a threshold matter, this is plainly not a case in which "the challenged conduct ceases" because of a legislative change, such that "there is no reasonable expectation that the wrong will be repeated." *Roubideaux v. N.D. Dep't of Corr. & Rehab.*, 570 F.3d 966, 976 (8th Cir. 2009) (quoting *Mo. Prot. & Advoc. Servs., Inc. v. Carnahan*, 499 F.3d 803, 811 (8th Cir. 2007)). S.F. 2340 "remains on the books" and could be enforced against the plaintiffs and their members in the future. *Nat'l Ass'n of Mfrs. v. Dep't of Def.*, 583 U.S. 109, 120 n.5 (2018).

While this Court has affirmed the preliminary injunction against S.F. 2340 in the companion case brought by the United States, even if that ruling remains

3

undisturbed, that injunction is only temporary—lasting through final judgment in the case. Thus, by its terms the preliminary injunction "does not purport to [permanently block the statue]; it simply delays the [statute's] effective date" during the pendency of proceedings. *Id*. Moreover, a preliminary injunction does not guarantee success at the end of the case. *See Glenwood Bridge, Inc. v. City of Minneapolis*, 940 F.2d 367, 371 (8th Cir. 1991) ("In considering the likelihood that [a plaintiff] will prevail on the merits, we note that we are not deciding whether [the plaintiff] 'will ultimately win.'"). At a minimum, therefore, the district court may still enter effectual relief for Plaintiffs in the form of a permanent injunction. That alone is reason to conclude that Plaintiffs' case is not moot. A preliminary injunction by definition cannot moot a request for a permanent injunction.

For this reason, Plaintiffs' case is distinguishable from *Longley v. Holahan*, 34 F.3d 1366, 1367 (8th Cir. 1994), the decision on which the Court's order relies. The action in *Longley* was dismissed as moot because the Court had affirmed entry of summary judgment and a *permanent* injunction in a related case challenging the same law. *See Day v. Holahan*, 34 F.3d 1356, 1366 (8th Cir. 1994). Because no court has entered the remedy that Plaintiffs seek—a permanent injunction— Plaintiffs' claims are not moot.

Furthermore, the Court's affirmance of the preliminary injunction in the companion case is not necessarily the final word. Defendants may seek rehearing,

4

rehearing en banc, or certiorari at the Supreme Court. Because this Court and the Supreme Court would be "free to revisit" the issues decided in the Court's opinion, "it cannot be said that the resolution of [Plaintiffs' claims would be] merely advisory." *Nat'l Rifle Ass'n of Am. v. Vullo*, 602 U.S. 175, 186 n.3 (2024). And if Defendants succeeded in reversing or limiting the existing preliminary injunction, Plaintiffs would be left unprotected. It is therefore premature to dismiss Plaintiffs' claims while further review of the preliminary injunction is still possible.

In addition, the United States recently notified this Court that it "is assessing the effect" of a January 20, 2025 presidential proclamation asserting that the situation at the Southern border qualifies as an "invasion." *See* Jan. 23, 2025 FRAP 28(j) letter, Case No. 2265. While that assessment appears to be ongoing, the prospect that the government could change its position or approach to that case underscores that until there is a final judgment permanently enjoining S.F. 2340, Plaintiffs' case presents a "live controversy," and should not be dismissed as moot. *Roubideaux*, 570 F.3d at 976.

To be clear: This Court's opinion affirming the United States' preliminary injunction is legally correct. But for all the reasons above, "[t]his dispute is still very much alive." *Chafin v. Chafin*, 568 U.S. 165, 173 (2013). Dismissing Plaintiffs' suit on the strength of a non-final affirmance of a preliminary injunction

5

in a separate case is incorrect, and the Court should amend its mandate to make clear that Plaintiffs' case may proceed on remand.

II.    THE COURT SHOULD STAY THE MANDATE UNTIL THE MANDATE ISSUES IN CASE NO. 2265.

Plaintiffs further request that the Court stay its mandate in this case pending final resolution of the appeal in Case No. 2265.

If the Court's opinion stands and the United States' preliminary injunction remains in place, Plaintiffs do not object to the dismissal of Iowa's appeal in this case or the Court's decision to vacate Plaintiffs' preliminary injunction in this case as unnecessary in light of the federal government's injunction. *See* Jan. 24, 2025 Order at 2.

But as already explained, this Court's opinion in the United States' case may be subject to further review. If the panel or en banc Court rehears that appeal, or Defendants seeks certiorari review from the Supreme Court, the premise of the Court's order in this case—that "[r]egardless of the outcome of this appeal, Iowa is enjoined against enforcing the Act"—may not remain true. *Id.*

It is therefore premature to dismiss this appeal and vacate the injunction before the status of the United States' preliminary injunction is settled. The Court's conclusion that Plaintiffs need no additional relief is inextricably bound up with proceedings in the United States' parallel case. The Court should therefore not issue the mandate in this appeal until it issues the mandate in the United States'

6

appeal. That would allow Plaintiffs to protect their interests if Defendants seek further review, or if the status of the United States' injunction otherwise changes.

III.    CONCLUSION

For the foregoing reasons, the Court should grant rehearing of the January 24, 2025 Order, remove the instructions to the district court to dismiss Plaintiffs' case, and stay the mandate until the mandate issues in Case No. 2265.

DATED:  February 21, 2025          Respectfully submitted,

/s/ Emma Winger
Emma Winger
Michelle Lapointe
Suchita Mathur
AMERICAN IMMIGRATION COUNCIL
2001 L Street N.W., Suite 500
Washington, DC 20036
Phone: (202) 507-7512
ewinger@immcouncil.org;
mlapointe@immcouncil.org
smathur@immcouncil.org

Rita Bettis Austen, AT0011558
Shefali Aurora, AT0012874
Thomas Story, AT0013130
ACLU of Iowa Foundation Inc.
505 Fifth Avenue, Ste. 808
Des Moines, IA 50309-2317
Phone: (515) 243-3988
Fax: (515) 243-8506
rita.bettis@aclu-ia.org
shefali.aurora@aclu-ia.org
thomas.story@aclu-ia.org

Spencer Amdur
Cody Wofsy
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
39 Drumm Street
San Francisco, CA 94111
T: (415) 343-0770
F: (415) 395-0950
samdur@aclu.org
cwofsy@aclu.org

Anand Balakrishnan
Wafa Junaid
Noor Zafar
Omar Jadwat
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad St., 18th Floor
New York, NY 10004
T: (212) 549-2660
F: (212) 549-2654
abalakrishnan@aclu.org
wjunaid@aclu.org
nzafar@aclu.org
ojadwat@aclu.org

*For Plaintiffs Iowa Migrant Movement for Justice, Jane Doe, Elizabeth Roe*

8

Appellate Case: 24-2263    Page: 8    Date Filed: 02/21/2025 Entry ID: 5488034

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 40, I certify the following:

1.     This motion complies with the type-volume limitation of Fed. R. App. P. 40 because it contains 1257 words.

2.     This motion complies with the typeface and type style requirements of Fed. R. App. P. 32(a)(5) and Fed. R. App. P. 32(a)(6) because the brief has been prepared in Times New Roman 14-point font using Microsoft Word for Microsoft Office 365.

February 21, 2025

*/s/ Emma Winger*
Emma Winger
American Immigration Council
2001 L Street NW, Suite 500
Washington, DC 20036
Phone: (202) 507-7512
ewinger@immcouncil.org

9

# CERTIFICATE OF SERVICE

I certify that the foregoing was filed with the Clerk using the appellate

CM/ECF system on February 21, 2025. All counsel of record are registered

CM/ECF users, and service will be accomplished by the CM/ECF system.


February 21, 2025                              */s/ Emma Winger*
                                               Emma Winger
                                               American Immigration Council
                                               2001 L Street NW, Suite 500
                                               Washington, DC 20036
                                               Phone: (202) 507-7512
                                               ewinger@immcouncil.org

Appellate Case: 24-2263    Page: 10    Date Filed: 02/21/2025 Entry ID: 5488034