No. 24-2263

In The
United States Court of Appeals for the Eighth Circuit

Iowa Migrant Movement for Justice, *et al.*,
   *Plaintiffs-Appellees*,

v.

Brenna Bird, in her official capacity as Attorney General of Iowa,
   *Defendant-Appellant*,

Kimberly Graham and Zach Herrmann,
   *Defendants*.

On Appeal from the United States District Court
for the Southern District of Iowa
Case Nos. 4:24-cv-00161-SHL
(The Honorable Stephen H. Locher)

**RESPONSE IN OPPOSITION TO APPELLEES' PETITION FOR PANEL REHEARING AND STAY OF MANDATE**

Brenna Bird
Attorney General of Iowa

Eric Wessan
*Solicitor General*

Patrick C. Valencia
*Deputy Solicitor General*

March 10, 2025

Breanne A. Stoltze
*Assistant Solicitor General*
1305 East Walnut Street
Des Moines, Iowa 50319
(515) 823-9117 / (515) 281-8770
eric.wessan@ag.iowa.gov
patrick.valencia@ag.iowa.gov
breanne.stoltze@ag.iowa.gov

*Counsel for Defendant-Appellant*

## INTRODUCTION

Plaintiffs do not dispute that this appeal is moot and thus that this Court properly ordered the case dismissed. Nor do they dispute the propriety of this Court's vacatur of the district court's preliminary injunction in this case. Plaintiffs instead seek panel rehearing because of concerns that their currently moot dispute might, one day, revive. Such an exercise by this Court is improper. And even were it appropriate, Plaintiffs here lack standing to pursue injunctive relief. This Court should not allow their maneuver.

Plaintiffs' appeal is moot. And Plaintiffs lack standing. The panel got it right when it dismissed Plaintiffs' appeal, vacated the district court's preliminary injunction, and directed the district court to dismiss the case.

Should the Court grant panel rehearing, the sole issue Plaintiffs seek to rehear is whether it was proper for the panel to direct the district court to dismiss the case on remand. If the Court is persuaded to grant panel rehearing, then it should take that opportunity to address Plaintiffs' lack of standing once and for all. And because Plaintiffs lack

1

standing, the panel should then reaffirm its instructions to dismiss the case on remand.

## ARGUMENT

### I. The Court properly determined Plaintiffs' appeal was moot because there was no relief to be granted to these Plaintiffs that was not already granted in this Court's prior decision in *United States v. Iowa.*

The Court properly dismissed the appeal and vacated the injunction in this case based on mootness. In *United States v. Iowa*, 124 F.4th 1334, No. 24-2265 (8th Cir. Jan. 24, 2025), this Court allowed a facial preliminary injunction of Defendant's enforcement of Senate File 2340 to remain in effect. In this separate case, private Plaintiffs sought the same relief, a "pre-enforcement, facial injunction." MMJ Br. at 49. Because of the companion case's disposition, any ruling in this case no longer affects the rights of the parties here. *See North Carolina v. Rice*, 404 U.S. 244, 246 (1971). That leads to one inescapable conclusion: Plaintiffs' appeal is moot. And when a case becomes moot while pending appeal—by happenstance and not by any reason attributable to the appealing party, as here—then vacatur of the lower court's decision and dismissal is proper. *See United States v. Munsingwear*, 340 U.S. 36, 39–40 (1950).

2

Plaintiffs do not disagree as to vacatur of the injunction and dismissal of this appeal. So long as the opinion in the companion case stands, "Plaintiffs do not object to the dismissal of Iowa's appeal in this case or the Court's decision to vacate Plaintiffs' preliminary injunction in this case as unnecessary in light of the federal government's injunction." Petition at 6.

Given that agreement, there is no reason to withhold this Court's mandate. The purpose of vacating an order based on mootness, as stated in *Munsingwear*, is to "clear[] the path for future relitigation of the issues between the parties and [to] eliminate[] a judgment, review of which was prevented through happenstance." 340 U.S. at 39–40. In other words, Plaintiffs are free to litigate anew if their requested relief revives (and if they have standing). But continued litigation in this case is improper. Defendant's enforcement of SF2340 is enjoined. There is no further relief a court could grant these Plaintiffs.

## II. *Munsingwear* and Plaintiffs' lack of standing call for this case to be dismissed on remand.

Plaintiffs ask the panel to revise its order by removing the instructions to the district court to dismiss this case as moot. Petition at 2. Plaintiffs further request the Court stay the mandate in this case

3

pending issuance of the mandate in the separate companion case. Petition at 6–7. But Plaintiffs should not get the benefit of *Munsingwear* mootness—avoiding appellate decision on whether Plaintiffs have standing—without the burden of *Munsingwear* mootness—dismissal of the case on remand. As Defendant pressed on appeal, Plaintiffs lack standing. Iowa Opening Br. 41–47. So in the alternative, because Plaintiffs lack standing, this Court may properly grant rehearing then dismiss the case for lack of standing. Either way, this case should be dismissed on remand.

1. What is notable is what Plaintiffs' petition does not ask the panel to do. Plaintiffs do not ask the Court to reconsider its dismissal of this appeal. Petition at 6. Nor do they ask the Court to rescind the vacatur of the district court's preliminary injunction in this case. Petition at 6. They instead seek a ruling that "make[s] clear that Plaintiffs' case may proceed on remand." Petition at 6.

But Plaintiffs may not have it both ways. They may not agree that vacatur—based on *Munsingwear* mootness—was proper, while at the same time seeking to continue litigating in the district court. Either the case is moot, and thus should be dismissed, or the Court should take up

4

the issues on appeal, including Plaintiffs' lack of standing. The panel chose the first option. *See* Jan. 24, 2025 Order at 2. And that was correct.

2. Iowa does not object to granting panel rehearing so long as the panel then addresses one of the key issues Defendant raised on appeal: that Plaintiffs lack standing. Plaintiffs Doe and Roe are lawful permanent residents, and SF2340 applies only to those who have illegally reentered. Iowa Opening Br. 41–43; Iowa Reply Br. 18–20. Doe and Roe thus lack injury in fact. And Plaintiff MMJ lacks associational standing on behalf of its members, because MMJ's complaint does not identify a member who will suffer harm. *See Religious Sisters of Mercy v. Becerra*, 55 F.4th 583, 602 & n.12 (8th Cir. 2022); *see also* Iowa Opening Br. 43–44. MMJ also fails to explain how its mission—to help immigrants maintain lawful status—is affected by a law that applies only to those with unlawful status. Iowa Opening Br. 43–46; Iowa Reply Br. 20–21

The opinion in the companion case does not foreclose those arguments. The panel did not determine that SF2340 applied to lawful permanent residents. The panel determined federal law and enforcement policies preempted SF2340 for other reasons. The Court reasoned the law was obstacle preempted because it obstructed federal enforcement

5

policies and "discretion;" for example, "Iowa could prosecute an illegal alien whom federal officials have exercised their discretion not to bring an enforcement action against." *United States v. Iowa*, 126 F.4th at 1347–48, 1351. And if the federal government was considering an illegal alien's case, Iowa may arrest them before they may be determined a lawful resident, frustrating federal enforcement policies. *Id.* at 1351. This "frustrat[es]" the "Executive's enforcement discretion." *Id.* at 1349.

The Court alternatively determined the law was conflict preempted because, as the panel saw it, SF2340 provides for removal of illegal aliens without the same exceptions as federal law and "likely conflicts with federal regulations over *where* to remove an alien to" and "interferes with the discretion" federal officials possess in their removal decisions. *Id.* at 1350–51.

None of those conclusions bears on the reason each Plaintiff here lacks standing: SF2340 does not apply to lawful permanent residents.

Plaintiffs implicitly recognized the weakness in their standing when, in their response brief on appeal, they leaned instead on Plaintiff United States's standing in the companion case as one reason why the Court could affirm the preliminary injunction. MMJ Br. 15 n.4. But

6

standing for Plaintiff United States in a separate case does not resolve Plaintiffs' lack of standing in this case. *See Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496–496 (1933) ("[C]onsolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another.").

Even if the plaintiff in an unconsolidated companion case has standing and succeeds on the merits, that does not affect the plaintiffs' standing in that separate case. Regardless of another plaintiff's success in a separate case, lack of standing for any plaintiff in this case requires dismissal. Iowa Reply Br. 17. And that is exactly the outcome here: this Court ruled on the merits in the companion case and affirmed the preliminary injunction there, then dismissed the appeal in private Plaintiffs' case here. *See United States v. Iowa*, 126 F.4th at 1353; Jan. 24, 2025 Order at 2. That outcome—even if for differing reason—may be affirmed upon panel rehearing, if granted.

\* \* \*

In the end, Plaintiffs should not be allowed to sidestep the appeal by (1) agreeing with *Munsingwear* mootness, yet (2) seeking to continue

7

litigating the issues on remand. If *Munsingwear* applies, then the case should be dismissed. If rehearing is granted, then the appeal issues should be decided, and the case should be dismissed because Plaintiffs lack standing.

## CONCLUSION

For these reasons, this Court should deny Plaintiffs' request for panel rehearing and stay of mandate. In the alternative, should the Court grant either request, the Court should take that opportunity to address the independent reason for dismissing this case: Plaintiffs' lack standing.

8

March 10, 2025                    Respectfully submitted,

BRENNA BIRD
Attorney General of Iowa

*/s/ Eric Wessan*
ERIC WESSAN
*Solicitor General*
PATRICK C. VALENCIA
*Deputy Solicitor General*
BREANNE A. STOLTZE
*Assistant Solicitor General*

1305 East Walnut Street
Des Moines, Iowa 50319
(515) 823-9117 / (515) 281-5191
(515) 281-4209 (fax)
eric.wessan@ag.iowa.gov
patrick.valencia@ag.iowa.gov
breanne.stoltze@ag.iowa.gov

*Counsel for Defendant-Appellant*

9

# CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g), Fed. R. App. P. 40, and Local R. 25A, I certify the following:

1. This response complies with the type-volume limitation of Fed. R. App. P. 40(b)(1) because it contains 1,511 words, excluding those parts exempted by Fed. R. App. P. 32(f).

2. This response complies with the typeface and type style requirements of Fed. R. App. P. 32(a)(5) and Fed. R. App. P. 32(a)(6) because the response has been prepared in Century Schoolbook 14-point font using Microsoft response for Microsoft Office 365.

3. This response complies with the electronic filing requirements of Local R. 25A because the text of the electronic response is identical to the text of the paper copies and because the electronic version of this response has been scanned for viruses and no viruses were detected.

| | |
|---|---|
| March 10, 2025 | */s/ Eric Wessan*<br>ERIC WESSAN<br>*Solicitor General*<br><br>*Counsel for Defendant-Appellant* |

## CERTIFICATE OF SERVICE

I certify that the foregoing was filed with the Clerk using the appellate CM/ECF system on March 10, 2025. All counsel of record are registered CM/ECF users, and service will be accomplished by the CM/ECF system.

March 10, 2025

*/s/ Eric Wessan*
ERIC WESSAN
*Solicitor General*

*Counsel for Defendant-Appellant*