

April 22, 2025

By CM/ECF

Susan E. Bindler
Clerk of the Court
U.S. Court of Appeals for the Eighth Circuit
Thomas F. Eagleton Courthouse
111 South 10th Street
St. Louis, MO 63102

Re: *Iowa Migrant Movement for Justice, et al., v. Bird, et al.*, No. 24-2263

Dear Ms. Bindler:

Pursuant to FRAP 28(j), we respond to Appellant's April 17, 2025 notice of supplemental authority advising the Court of the Iowa Department of Public Safety's (DPS) written agreement with Immigration and Customs Enforcement (ICE) under §287(g) of the Immigration and Nationality Act (8 U.S.C. §1357(g)).[1]

An agreement between the state and federal government under §287(g) does not permit states to enact and enforce their own immigration laws. Such an agreement affirms federal supremacy over immigration law by outlining limited cooperation between states and the federal government to enforce *federal* immigration law under the supervision and direction of federal authorities. *See* 8 U.S.C. §1357(g)(3); Memorandum of Agreement §I (DPS personnel are subject to ICE's "direction and supervision"), §XI (DPS personnel "are not authorized to perform immigration officer functions except when working under the supervision or direction of ICE"). The agreement underscores that Iowa's decision to enact a state immigration law not subject to federal oversight is preempted.

Nor did this Court's vacated opinion suggest that the lack of a §287(g) agreement "contributed to conflict preemption." Appellant 28(j) Letter at 1. As the Court noted, without an agreement, the state can "communicate" and "cooperate" with federal authorities. *United States v. Iowa*, 126 F. 4th 1334, 1351 (8th Cir. 2025) (vacated) (citing 8 U.S.C. §1357(g)(10)(A)-(B)). With such an agreement, the state can enforce federal immigration laws overseen by federal authorities. *Id.* at 1348. Nothing in the Court's opinion suggests that state laws criminalizing immigration under the authority of state officials are permissible alongside a §287(g) agreement. This makes sense because preemption arises from Congressional statutes, not executive actions.

---

[1] The agreement deputizes three members of DPS to work with ICE. *See* Stephen Gruber-Miller, *Iowa DPS signs agreement with ICE creating immigration task force. What it will do*, Des Moines Register (April 17, 2025), https://www.desmoinesregister.com/story/news/politics/2025/04/17/iowa-department-public-safety-task-force-agreement-with-ice-federal-immigration-enforcement/83137797007/.

Finally, the decision to enter a §287(g) agreement with ICE undermines a central premise in Iowa's arguments to this Court—that a state law was needed to counteract alleged federal inaction on immigration enforcement. Now, the state is working directly with the federal government to enforce federal immigration law.

Respectfully submitted,

s/Michelle Lapointe
Michelle Lapointe
American Immigration Council
2001 L Street NW, Suite 500
Washington, DC 20036
Phone: (202) 507-7645
mlapointe@immcouncil.org

cc: All counsel (via CM/ECF)