No. 24-2263

IN THE
# United States Court of Appeals
# for the Eighth Circuit

IOWA MIGRANT MOVEMENT FOR JUSTICE, *ET AL.*,

*Plaintiffs-Appellees*

*v.*

BRENNA BIRD, IN HER OFFICIAL CAPACITY AS ATTORNEY GENERAL OF IOWA,

*Defendant-Appellant,*

KIMBERLY GRAHAM AND ZACH HERRMANN,

*Defendants.*

Appeal from the United States District Court
for the Southern District of Iowa
Stephen H. Locher, U.S. District Judge

**UNOPPOSED MOTION TO STAY MANDATE**

| | |
|---|---|
| BRENNA BIRD<br>Attorney General of Iowa | PATRICK C. VALENCIA<br>*Deputy Solicitor General*<br>BREANNE A. STOLTZE |
| ERIC H. WESSAN<br>Solicitor General | *Assistant Solicitor General*<br>Hoover State Office Building<br>1305 East Walnut Street<br>Des Moines, Iowa 50319<br>(515) 823-9117<br>eric.wessan@ag.iowa.gov |
| February 6, 2026 | *Counsel for Defendant-Appellant* |

# TABLE OF CONTENTS

                                                                                                **Page**

INTRODUCTION ..................................................................................... 1

ARGUMENT ............................................................................................ 2

      I.     DEFENDANT'S CERTIORARI PETITION WILL PRESENT SUBSTANTIAL QUESTIONS FOR SUPREME COURT REVIEW. ............................................................................ 2

      II.    STAYING THE MANDATE WILL AVOID DUPLICATIVE LITIGATION. ................................................................. 5

CERTIFICATE OF COMPLIANCE ......................................................... 7

CERTIFICATE OF SERVICE .................................................................. 8

# MOTION TO STAY THE MANDATE PENDING THE FILING AND DISPOSITION OF A PETITION FOR A WRIT OF CERTIORARI

Defendant-Appellant Brenna Bird intends to seek certiorari of the Court's judgment. To avoid the disruption that would occur if the district court modifies or otherwise changes the disposition of the district court while the facial injunction is on appeal, Appellant seeks to stay this Court's issuance of the mandate while certiorari is pending. *See* Fed. R. App. P. 41(d). Appellants do not oppose the motion.

## INTRODUCTION

"[A]s the federal government tries to enforce the nation's immigration laws, Iowa wants to help." *Iowa Migrant Movement for J. v. Bird*, No. 24-2263, 2026 WL 297043, at *6 (8th Cir. Feb. 4, 2026) (Stras, J., dissenting from denial of rehearing en banc) ("*Iowa MMJ*"). Here, the Eighth Circuit has rejected Defendant's attempted defense of Iowa's law. But Defendant seeks to raise the important issues at the intersection of State sovereignty and federal immigration enforcement to the Supreme Court.

Defendant respectfully asks this Court to stay issuing the mandate to avoid a dual-tracking issue, whereby Defendant will be seeking

1

certiorari review of the preliminary injunction while continuing litigating in the district court. Plaintiffs are not prejudiced because, during the pendency of the requested stay, Iowa's enforcement of its illegal reentry law will remain enjoined. Indeed, Plaintiffs do not oppose the motion.

## ARGUMENT

This Court will stay the mandate pending the filing of a petition for a writ of certiorari if the movant "show[s] that the petition would present a substantial question and that there is good cause for a stay." Fed. R. App. P. 41(d)(1). This case qualifies. Iowa's petition will present a substantial "question[] of exceptional importance" regarding the scope of injunctive relief and applicability of *Arizona v. United States*, 567 U.S. 387, 415 (2012). *Iowa MMJ*, 2026 WL 297043, at *6 (Stras, J., dissenting from denial of rehearing en banc).

I. **DEFENDANT'S CERTIORARI PETITION WILL PRESENT SUBSTANTIAL QUESTIONS FOR SUPREME COURT REVIEW.**

A certiorari petition will present a "substantial question"—and thus warrants a stay of the mandate pending its disposition—if there is "a reasonable probability that the Supreme Court will grant certiorari," and "a reasonable possibility that at least five Justices would vote to reverse this Court's judgment." *Nara v. Frank*, 494 F.3d 1132, 1133 (3d Cir.

2

2007); *see United States v. Tucker*, 78 F.3d 1313, 1326 (8th Cir. 1996) (staying the mandate).

Several courts are considering the question of whether a State may enforce an illegal reentry law. Indeed, the Fifth Circuit vacated the panel decision holding Texas's illegal reentry law unconstitutional and reheard the case en banc on January 22, 2026. *See United States v. Texas*, 24-50149, Dkt. 435 (Jan. 22, 2026). Argument will also be heard in the challenge to Oklahoma's illegal reentry law on March 25, 2026. *See Padres Unidos de Tulsa v. Drummond*, 25-6080, Dkt. 92 (Jan. 29, 2026). And, like here, in every appellate case, the United States Department of Justice has weighed in to oppose finding preemption.

Given the prominence of the issue, and a preemption analysis that conflicts with the views of the U.S. Department of Justice, as well as the potential of an imminent circuit split, this case presents a substantial question worthy of staying the mandate.

The issues in this case easily qualify as "important." S. Ct. R. 10(c); *see also, e.g.*, *U.S. ex rel. Chandler v. Cook County*, 282 F.3d 448, 450 (7th Cir. 2002) (Ripple, J., in chambers) (granting a stay based on the importance of the issue and the disagreement among other judges, even

3

though the panel was "unanimous" and "[n]o judge . . . requested a vote for rehearing en banc"). This Court has acknowledged the weighty issues of public concern in this case, even while rejecting Defendant's claims.

This case will determine States' authority to enact immigration restrictions. And here, *amici* were filed both by the United States and a coalition of 22 States, among several other *amicus curiae* briefs filed on both sides. This is the type of case that could warrant attention from the Supreme Court.

Although Defendant need not show that this Court's opinion is wrong to secure a stay, the ongoing vital importance of this issue, including the difference in interpretation in federal preemption standards between this Court and the Department of Justice, as well as the lack of clarity surrounding conflict and field preemption in immigration law underscores the need for Supreme Court review. *See Iowa MMJ*, 2026 WL 297043, at *6 (Stras, J., dissenting from denial of rehearing en banc) (discussing Plaintiffs' defense of injunction on field preemption grounds, despite Supreme Court precedent to the contrary); *Nara*, 494 F.3d at 1133 (stay is warranted when there is "a reasonable

4

possibility that at least five Justices would vote to reverse this Court's judgment").

## II. STAYING THE MANDATE WILL AVOID DUPLICATIVE LITIGATION.

Defendant seeks to maintain the status quo for a short period while she seeks a writ of certiorari. The stay will be temporary: Certiorari briefing will be completed over the summer, and the Supreme Court would likely rule on the petition no later than the first Monday in October. Thus, if certiorari is ultimately denied, a stay would not be overly long. *See, e.g.*, *In re Integrated Telecom Express, Inc.*, No. 04-2411 (3d Cir. Dec. 6, 2004) (Court granted stay of mandate pending certiorari petition and stay was dissolved six months later after certiorari denied). Then if review is granted, however, that further weighs in favor of staying the mandate pending the Supreme Court's final disposition of this case. *See* Fed. R. App. P. 41(3)(2)(B)(ii) (providing for stay pending Supreme Court's final disposition). And because the law's enforcement is facially enjoined, Plaintiffs will not be prejudiced by staying the mandate.

Without a stay, the case will be remanded to the district court to modify the terms of the injunction. That could, potentially, create a vehicle problem during the pendency of the certiorari petition. Defendant

5

seeks to vindicate her interpretation of Iowa's law and does not want to be stymied temporarily while other States proceed in defending their illegal reentry laws. This is Defendant's last opportunity to seek to remove the facial preliminary injunction absent a further change in the law or the facts.

## CONCLUSION

For these reasons, the Court should stay the mandate pending the filing and disposition of a petition for writ of certiorari.

Respectfully submitted,

BRENNA BIRD
Attorney General of Iowa

*/s/ Eric H. Wessan*
ERIC H. WESSAN
Solicitor General

PATRICK C. VALENCIA
*Deputy Solicitor General*
BREANNE A. STOLTZE
*Assistant Solicitor General*
Hoover State Office Building
1305 East Walnut Street
Des Moines, Iowa 50319
(515) 823-9117 / (515) 281-8770
eric.wessan@ag.iowa.gov
patrick.valencia@ag.iowa.gov
breanne.stoltze@ag.iowa.gov

*Counsel for Defendant Appellant*

# CERTIFICATE OF COMPLIANCE

Under Fed. R. App. P. 27 and 32(g) and Local R. 25A, I certify the following:

1. This motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 1064 words, excluding those parts exempted by Fed. R. App. P. 27(a)(2)(B) and 32(f).

2. This motion complies with the typeface and type style requirements of Fed. R. App. P. 32(a)(5) and Fed. R. App. P. 32(a)(6) because the brief has been prepared in Century Schoolbook 14-point font using Microsoft Word for Microsoft Office 365.

February 6, 2026

/s/ *Eric H. Wessan*
ERIC H. WESSAN
*Solicitor General*

*Counsel for Defendant-Appellant*

# CERTIFICATE OF SERVICE

I certify that the foregoing was filed with the Clerk using the appellate CM/ECF system on February 6, 2026. All counsel of record are registered CM/ECF users, and service will be accomplished by the CM/ECF system.

February 6, 2026

/s/ *Eric H. Wessan*
ERIC H. WESSAN
*Solicitor General*

*Counsel for Defendant-Appellant*